## NORTHERN TEXAS TRACTION COMPANY v. J. H. LEWIS.

### Decided November 19, 1904.

**1.—Charge—Harmless Error.**

Where, in an action for personal injury the evidence as to defendant's negligence resulting in the injury was conclusive, there being no attempt to rebut the case made, it was not prejudicial error for the court's charge to instruct that liability was not denied, although defendant had pleaded the general denial.

**2.—New Trial—Cumulative Evidence.**

A motion for new trial, sought on the ground of newly discovered evidence, is properly refused where such evidence is shown by the motion itself to be merely cumulative.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*Capps & Cantey,* for appellant.

*Carlock & Gillespie,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The wife of appellee was injured in a collision of cars on appellant's track between Fort Worth and Handley. That the collision between the car on which she was a passenger and one going in the opposite direction was due to appellant's negligence does not admit of any controversy whatever. The extent of the injuries was a matter about which there was some variance in the testimony, but clearly the verdict (for $800) was not excessive. Besides, the assignment raising that issue is too general.

The court did not err to the prejudice of appellant in instructing the jury that liability was not denied. The charge so declaring should perhaps be interpreted as warranted by oral statements or conduct of counsel for appellant, notwithstanding the general denial. But however this may be, the evidence of negligence was conclusive, there being no attempt to rebut the case made. Dallas Rapid T. Ry. Co. v. Payne, 11 Texas Ct. Rep., 179.

The court did not err in refusing a new trial on the ground of newly discovered testimony. The only part of this testimony that was at all available as newly discovered was shown by the motion itself to be merely cumulative. And if, as represented in the motion, the absent witness, Mrs. Wood, who was an intimate friend of appellee's wife, could not therefore be discredited, as was attempted in the case of Mrs. Adams, who was represented in the motion as having given testimony of the same kind, the fact remains that still another witness, Mrs. Washborne (Tr., p. 41), is shown by the statement of facts to have given testimony of the same kind on the same point.

We see no serious objection to the rulings complained of in the admission of testimony, and the assignments raising objections thereto are all overruled. Possibly one question complained of for being leading was subject to that objection, but the fact elicited by this question was otherwise well established.

We see no abuse of discretion in the court's refusal to exclude appellee's wife from the courtroom after she had given her testimony.

It follows from these conclusions that the judgment should be affirmed.

*Affirmed.*

,Writt of error refused.